[No. 1436.]

## J. W. M. LONG *v.* THE STATE.

1. PRACTICE—EVIDENCE.—The declarations of a co-conspirator will not be admitted in evidence against his confederate if made after the consummation of the conspiracy and not in pursuance thereof.

2. SAME—ADMISSIONS.—Before the acquiescence of a defendant on trial, in the language or the conduct of others, can be assumed as the concession of the truth of any particular statement, or of the existence of any particular fact, it must clearly appear that the language was heard, or the conduct understood, by the defendant at the time.   See the opinion *in extenso* for evidence which, under the rules, was improperly admitted.

APPEAL from the District Court of Guadalupe.   Tried below before the Hon. E. Lewis.

This is the companion case of *Tyler v. The State, ante,* p. 205, and, like that, a second appeal (See 11 Texas Ct. App., 381,) from a conviction for the theft of a cow, the property of Alf. Friar. The penalty assessed against him was a three years term in the penitentiary.

The testimony on this trial was the same as that upon which his former conviction was secured, and which is fully recited in the report of his former appeal (11 Texas Ct. App., 381), with the additional statement of the witness Sitterlee, which is condensed in the opinion.

The motion for new trial was an exact copy of the same motion in *Tyler's* case, *ante*, p. 205.

*Eckford & Newton*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

WILLSON, J.   This is a companion case to *Marcus Tyler* v. *The State*, which we have just decided.   Tyler and defendant were indicted separately for the theft of the same noted cow, the property of Alf. Friar, and the evidence in the two cases is very nearly the same, and the errors assigned in this case are the same as those assigned in the Tyler case, with one exception. We therefore refer to and adopt our opinion in the Tyler case as applicable to this case, and shall only herein discuss the one question presented in this case which did not arise in the Tyler case.

The question is presented in a bill of exceptions reserved by the defendant as follows:   "The court permitted Joe Sitterlee, a witness for the State, to state to the jury what Marcus Tyler told him was his reason for not attending witness's trial at San Antonio, and that he, Tyler, had turned cattle loose near Seguin, when it was not shown that defendant participated in said conversation, or was addressed by Sitterlee, or ever heard the conversation."   By reference to the testimony of the witness Sitterlee, as contained in the statement of facts, we find that upon this point he testified as follows:   "That the trial of himself and others, for killing Brazell, was set for April 15, 1881; that after said trial he saw defendant and Marcus Tyler in Cuero, at his house, and Tyler told him that he was not at his trial in San Antonio; that he had a bunch of cattle on the prairie which he had to turn loose near Seguin.   Tyler said they were taking the cattle to Jennings, on the San Marcos; that this conversation occurred in his yard at Cuero; that Long, defendant, was present, but witness does not know whether he heard the conversation or not; that Long did not say anything; that his conversation was not addressed to Long."

We are at a loss to know upon what ground the court held this testimony to be admissible.   It was certainly not upon the ground that the declaration of Tyler was the declaration of a co-conspirator, and therefore binding upon the defendant Long.   It was clearly inadmissible upon that ground, if for no other rea-

son, because it was made after the consummation of the conspiracy, and not in furtherance of it.   We presume the court admitted it because it was made in the presence of the defendant, and was therefore to be treated as a silent admission on his part of the facts stated by Tyler.   We do not think it was admissible upon this ground.   " Before acquiescence in the language or conduct of others can be assumed as a concession of the truth of any particular statement, or of the existence of any particular fact, it must plainly appear that the language was heard and the conduct understood." (Whart. Crim. Ev., §680.)   And upon this subject Mr. Greenleaf says: "Admission may also be implied from the acquiescence of the party; but the acquiescence, to have the effect of an admission, must exhibit some act of the mind, and amount to voluntary demeanor or conduct of the party.   And, whether it is acquiescence in the conduct or in the language of others, it must plainly appear that such conduct was fully known, or the language fully understood by the party, before any inference can be drawn from his passiveness or silence.   The circumstances, too, must be not only such as afforded him an opportunity to act or to speak, but such, also, as would properly and naturally call for some action or reply from men similarly situated." (1 Green. Ev., § 197; *Ingle* v. *The State*, 1 Texas Ct. App., 307.)   We think the court erred in admitting this testimony.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered November 15, 1882.